UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EARL D. BOONE,
Petitioner,

v.

BETHLEHEM STEEL CORPORATION;

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

No. 96-2634

On Petition for Review of an Order
of the Benefits Review Board.
(94-894)

Argued: July 9, 1997

Decided: August 25, 1997

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Beveridge, Jr., GOLDMAN, SKEEN &
WADLER, P.A., Baltimore, Maryland, for Petitioner. Richard Wil-
liam Scheiner, SEMMES, BOWEN & SEMMES, Baltimore, Mary-
land, for Respondents. **ON BRIEF:** Harry Goldman, Jr., Bradford J.
Smith, GOLDMAN, SKEEN & WADLER, P.A., Baltimore, Mary-
land, for Petitioner. Stuart M. Lesser, SEMMES, BOWEN &
SEMMES, Baltimore, Maryland, for Respondent Bethlehem Steel.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Earl Boone appeals from the statutorily mandated affirmance by the Benefits Review Board (BRB or Board) of the Administrative Law Judge's denial of Boone's 1989 petition for modification of benefits under the Longshore and Harbor Workers' Compensation Act (the Act), 33 U.S.C. §§ 901-950.[1] Because the ALJ's decision is supported by substantial evidence, we affirm.

In 1975 Earl Boone suffered a back injury while employed with Bethlehem Steel Corporation. In 1979 an ALJ determined that Boone was permanently partially disabled and awarded him compensation benefits of thirty dollars per week. Since that time, Boone has been trying to get his benefits modified, claiming that the accident (which injured his back) has caused the onset of psychological impairment. Although this case has a long procedural history, the only issue now before us is whether there was substantial evidence to support the ALJ's decision to deny Boone's 1989 request for modification on the ground that Boone's psychological condition had not worsened between 1982 and 1989.[2]

_____

[1] The BRB never addressed the merits of the appeal. On September 12, 1996, the BRB sent the parties a notice stating that pursuant to Public Law No. 104-134, enacted April 26, 1996, any appeal (involving a claim under the Act) before the BRB was deemed to be affirmed if the appeal had been pending for one year by September 12, 1996. Because Boone's appeal fit this category, the BRB informed the parties that the ALJ's decision was "considered affirmed" and that the affirmance was "the final order of the Board for purposes of obtaining review in the United States courts of appeal."

[2] Boone argues at length that the ALJ's decision is inconsistent with a prior decision of this court. Boone has waived this argument, however. As noted above, an ALJ in 1979 awarded Boone benefits of thirty dollars

2

Boone's 1989 petition for modification of benefits was made pursuant to § 22 of the Act, which permits modification of a decision based on a change in the claimant's condition. See 33 U.S.C. § 922. In his petition, Boone contends that his psychological condition deteriorated after 1982, when an ALJ determined that his psychological impairment did not warrant a change in benefits. The hearing on this petition for modification was held in 1990.

Boone compares the evidence from two doctors to support his claim that his condition has worsened since 1982. At a 1982 hearing

_____

per week because of his back injury. Boone later sought to have his benefits modified by the same ALJ, alleging a deterioration of his back condition and the onset of psychological impairment. On November 10, 1982, the ALJ denied Boone's request and the BRB affirmed that decision. Boone appealed the Board's decision to this court. We affirmed the BRB on the back condition claim but remanded on the psychological impairment claim, "direct[ing] that, on remand,[Boone's] level of benefits be increased to account for this disability." Boone v. Director, OWCP Program, No. 87-2533 (4th Cir. Oct. 13, 1987), slip op. at 11-12. On remand a second ALJ decided that Boone did not suffer an increased loss of wage earning capacity due to any psychological impairment and denied his request for increased benefits. Boone appealed that decision to the BRB, but he also attached a motion for remand and a petition for modification. The motion and petition alleged that his psychological condition had worsened since 1982. The BRB granted Boone's motion for remand, referring his petition for modification to a third ALJ. In the process, the BRB dismissed Boone's appeal from the second ALJ's decision. The BRB allowed Boone the opportunity to move for reinstatement of his appeal at a later date, but Boone never made such a motion. When Boone failed to move for reinstatement of his appeal from the second ALJ's decision, he waived any argument that the ALJ did not comply with a prior decision of this court.

In August 1989, on remand from the BRB concerning the modification issue, the third ALJ held hearings and determined that Boone's psychological condition had not worsened. Boone appealed this decision to the BRB. The Board concluded that the ALJ failed to weigh the conflicting medical evidence and remanded the case. In a supplemental decision and order, the third ALJ reaffirmed his prior decision to deny Boone's request for modification. It is this decision that was affirmed by the BRB pursuant to Public Law No. 104-134. And it is only this decision that we have under consideration.

3

Dr. Spodak had testified that Boone suffered from a permanent psychiatric disability of 20%. At the 1990 modification hearing, Dr. Ascher testified that Boone's psychiatric disability was 75%. Boone argues that the differences in diagnosis between Dr. Spodak and Dr. Ascher confirm that his condition has clearly worsened. But Dr. Ascher, who made the later diagnosis, did not indicate that there was a change in Boone's condition. Moreover, Dr. Ascher testified that he thought Dr. Spodak's diagnosis of Boone's impairment was "much too low". In addition, Dr. Ascher acknowledged that since 1979 Boone had not received any psychiatric treatment and had not been prescribed any medication.

Two other doctors who testified at the 1990 modification hearing flatly contradict Boone's claim. Boone's own lawyer sent him to Dr. Henderson, a board-certified psychiatrist in 1986. Dr. Henderson took Boone's psychiatric history, performed a mental status examination, and administered an MMPI. The test results indicated that Boone was "faking it" or exaggerating his symptoms. Dr. Henderson found no permanent psychological impairment of any type. In 1990, Dr. Freedenburg, another board certified psychiatrist, examined Boone to determine whether Boone's psychiatric condition had worsened since 1982. Dr. Freedenburg is an assistant professor at the University of Maryland and an instructor in psychiatry at the Johns Hopkins University School of Medicine. Dr. Freedenburg conducted a standard psychiatric evaluation, consisting of a history, a mental status examination, and an MMPI. Based upon his evaluation, Dr. Freedenburg testified that Boone suffered from no work-related psychiatric impairment. Dr. Freedenburg said that Boone's condition had not worsened since 1982 and "may have actually gotten somewhat better."

Boone and his wife, Norma, also testified. She said that because of Boone's mental state she did not "demand anything" of him. On balance, the testimony from Boone and his wife indicates that his condition had not worsened since 1982. Boone testified that there had been no real change in his daily routine since 1979. Norma Boone testified that Boone's worst years were 1978, 1979, and (early) 1980. Since that period she said that things had been more stable.

The ALJ considered all of this testimony, and it was his duty "to determine the credibility of witnesses and to ascribe weight to their

4

testimony." <u>Pittman Mechanical Contractors, Inc. v. Director, OWCP</u>, 35 F.3d 122, 127 (4th Cir. 1988). Of course, "[d]eference must be given the fact-finder's . . . credibility assessments, and we have emphasized that the scope of review of ALJ findings is limited." <u>Id.</u> (internal quotation marks and citation omitted). In this case the ALJ found there was no change in Boone's psychiatric condition since 1982. As a result, Boone's petition for modification of benefits was denied. We must uphold the ALJ's finding if there is substantial evidence to support it. <u>See O'Keeffe v. Smith, Hinchman & Grylls Assocs., Inc.</u>, 380 U.S. 359, 362 (1965). We are satisfied that there is, and we therefore affirm.

<u>AFFIRMED</u>

5